### SIMEON N. FROST *vs.* SETH GAGE.

If the assignee under an assignment of property in trust for the benefit of the creditors ot the assignor defends an action brought against him by a creditor to recover the dividend upon his debt, upon the ground that the plaintiff, by a secret oral agreement not to claim any portion of the proceeds of the estate, induced him, he also being a creditor, to sign a release to the assignor and to procure the signatures of other creditors thereto, the burden of proof is upon him to establish, not only that such an agreement was made, but also that it was secret; and there is no presumption of law that it was intended to be secret, but the question should be submitted to the jury.

CONTRACT. The second count, upon which the action was tried, is stated in 1 Allen, 262.

At the third trial in the superior court, before *Vose*, J., after the decision reported in 3 Allen, 560, the plaintiff introduced evidence tending to prove the same facts as in the former trials, and the defendant introduced evidence tending to prove the facts offered by him, but excluded, upon the second trial, and the plaintiff introduced evidence in reply. The judge instructed the jury that if the plaintiff, before the defendant and the other creditors executed the release, entered into an agreement with the defendant by which he promised the defendant that, if he would sign the release and procure the other creditors to execute the same, he might retain the plaintiff's dividend, and that he

would also give to him a note for a further sum, and such agree-ment and promise were secret and unknown to the other credi-tors, and if the other creditors executed the release in the belief that all of the creditors were to share alike, and in ignorance of the arrangement between the plaintiff and the defendant, by which an advantage was secured to the defendant in which they did not participate, and the defendant signed the release and aided in procuring the other signatures, such agreement and promise were a fraud upon the other creditors, and the plaintiff could not maintain this action ; and that the burden of proof was on the defendant to satisfy them that such a secret and underhand agreement was made.

The defendant then asked the court to rule that, as the assign-ment by Richard Frost for the benefit of his creditors and their release to him were both in writing, if any other and further agreement was made, the presumption was, in the absence of any evidence upon the subject, that it was not made known to the creditors. But the judge declined so to rule.

The jury returned a verdict for the plaintiff, and the defend-ant alleged exceptions.

*W. P. Webster*, for the defendant.

*T. Wentworth & A. F. L. Norris*, for the plaintiff.

BIGELOW, C. J. The gist of the defence relied on in avoid-ance of the plaintiff's claim was, that the agreement by which the defendant was induced to become a party to the assignment was secret and unknown to other creditors, who also signed the composition deed. It was this very secrecy and concealment which constituted the fraud, because they operated to deceive other creditors by leading them to suppose that the defendant was to release his debt against their common debtor on receiv-ing out of the assets of the debtor an equal share or proportion with them of the sums due on their respective claims. If there was no such deception, there was no fraud. This is the ground on which all the cases proceed in which similar agreements made with creditors to induce them to join in releasing their debtor on receiving a certain share of their debts have been held fraudulent and void. The burden was on the defendant,

therefore, to prove all the elements which constituted the alleged fraud. The mere proof that an agreement was entered into to pay the plaintiff his whole debt did not necessarily show that it was fraudulent or corrupt, or raise any absolute presumption that it was secret and underhand. Whether it was so or not might be shown either by actual proof that it was unknown to the other creditors, or it might be inferred from the circumstances under which the agreement was entered into.

But, in either case, it was a question of fact, which the court properly submitted to the jury without any instructions that the evidence at the trial raised a presumption that such agreement was secret and therefore fraudulent.     *Exceptions overruled.*